{¶ 45} I agree with the majority's conclusions regarding the Straus Committee's single assignment of error and OEC's second and third assignments of error. However, because I believe OEC correctly concluded that the Committee's statement regarding the McGowan case was false, and was made with knowledge of its falsity or with reckless disregard for its truth or falsity, I respectfully dissent from the majority's conclusion regarding OEC's first assignment of error.
 {¶ 46} The majority (as did the trial court) focuses on the lack of any public records that would have verified the statement made in the advertisement to find that the Committee did not make the statement with actual malice. However, I do not believe it was appropriate for the Committee to rely on the absence of public records in making the statement. At most, the information provided to the Committee was that McGowan made an offer to plead guilty that did not ultimately result in a final agreement being reached. The Committee would have discovered that no agreement was reached in the McGowan case by asking the attorneys that would have negotiated the agreement, i.e. McGowan's *Page 20 
counsel and the assistant prosecuting attorney, both of whom testified at the hearing that no agreement was ever reached. I believe the Committee's failure to make a full inquiry into the circumstances of the case shows by clear and convincing evidence that the Committee published the statement regarding the McGowan case with knowledge of its falsity or with reckless disregard for its truth or falsity.
 {¶ 47} Therefore, I concur in part and dissent in part. *Page 1